UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAEKWON ROBERTSON,

    Petitioner,

v.

WILLIAMS, et al.,

    Respondents.

Case No. 2:24-cv-01821-RFB-DJA

**ORDER**

Petitioner Raekwon Robertson, a pro se Nevada prisoner, commenced this habeas action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" (ECF No. 1-1)). Robertson also filed a Motion for Appointment of Counsel (ECF No. 2). The Court deferred initial screening and instructed Robertson to resolve the filing fee. (ECF No. 4.) Robertson timely paid the fee. (ECF No. 5.) This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

Robertson challenges his confinement under a judgment imposed by the Eighth Judicial District Court, Clark County, Nevada dated June 17, 2020.[2] A jury convicted Robertson of first-

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District

degree murder with use of a deadly weapon, attempted robbery with use of a deadly weapon, and conspiracy to commit robbery. Robertson additionally pleaded guilty to charges of conspiracy to commit robbery and robbery with use of a deadly weapon under the terms of a plea agreement. Robertson is sentenced to an aggregate of 28 years to life imprisonment.

The judgment was affirmed on direct appeal in state court and remittitur issued on June 18, 2021. Robertson's conviction became final on September 16, 2021, when the time expired for filing a petition for writ of certiorari with the United States Supreme Court as there is no indication that Robertson filed a petition for writ of certiorari. The federal statute of limitations thus began to run the following day, September 17, 2021.

Before the resolution of his state direct appeal, Robertson filed a pro se state petition for writ of habeas corpus on October 29, 2020. The state district court ordered that petition "stayed" because of the filing of the direct appeal. It appears that, at the latest, Robertson filed the operative pro se state petition for writ of habeas corpus 252 days after his conviction was final, on May 26, 2022, leaving at least 113 days remaining for the filing of his federal petition. On August 7, 2023, the Nevada Court of Appeals affirmed in part, reversed in part, and remanded for an evidentiary hearing. On remand, the state district court held an evidentiary hearing and denied relief. The Nevada Court of Appeals affirmed the denial of postconviction relief and issued remittitur on August 26, 2024.

Robertson timely filed his federal petition 32 days later, on September 27, 2024. The Petition alleges two claims for relief including that Robertson was incompetent to stand trial and he received ineffective assistance of trial counsel because counsel failed to assert Robertson's mental health issues. ECF No. 1-1 at 5. Having conducted an initial review, the Court directs service of the Petition and a response.

Turning to Robertson's motion for appointment of counsel (ECF No. 2) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. See Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida,

---

Court and Nevada appellate courts. The docket records may be accessed by the public online at: Records Search and Viewing – Eighth Judicial District Court and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

549 U.S. 327, 336–37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. See 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Although Robertson did not file an IFP application, and he instead paid the filing fee for this action, he was represented by appointed counsel throughout his state-court proceedings. The Court therefore provisionally finds that Robertson is unable to afford counsel. See 18 U.S.C. § 3006A(a)(2)(B). The Court finds that appointment of counsel in this case is in the interests of justice. It appears that the deadline for filing claims in a federal petition for writ of habeas corpus might expire soon. Given the nature and complexity of Robertson's claims, it is unclear whether he will be able to adequately articulate his claims pro se with the resources available to him. Therefore, Robertson's motion for appointment of counsel is granted and the Court will provisionally appoint the Federal Public Defender to represent him.

**IT IS THEREFORE ORDERED**:

1. Petitioner Raekwon Robertson's Motion for Appointment of Counsel (ECF No. 2) is granted.
2. The Federal Public Defender is provisionally appointed as counsel and will have **5 days** to undertake direct representation of Robertson or indicate the office's inability to represent Robertson in these proceedings. If the Federal Public Defender is unable to represent Robertson, the Court will appoint alternate counsel. Appointed counsel will represent Robertson in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment. Appointed counsel will be directed to assist Robertson to file a complete IFP

application and consider, when filing an amended petition, if any, identifying the proper Respondents for this action.

3. Any deadline established and/or any extension thereof and/or the Court's calculations in this order, do not signify any actual or implied finding of the expiration of the limitation period for filing a federal habeas corpus petition under 28 U.S.C. § 2254, or a basis for tolling during the time-period established. Robertson at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by this order or by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of the Court will file Robertson's Petition for Writ of Habeas Corpus (ECF No. 1-1).

5. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court is further directed to send a copy of this order to Robertson, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

**DATED:** December 4, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**